# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA BELK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-203 WL |
| | ) |
| MILLERS MUTUAL GROUP OF | ) |
| INSURANCE CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Joshua Belk, a *pro se* prisoner, submitted a complaint under 28 U.S.C. § 1961, *et seq.*, the Federal Racketeer Influenced and Corrupt Organization Act ("RICO"). In his complaint, Mr. Belk alleges that defendants Millers Mutual Group of Insurance Co., Equity Mutual Insurance Company, George C. Rogge Agency, Inc., Geroge A. Rogge, and Lawrence Olin "engaged in common law fraud/fraudulent misrepresentation with regard to Belk's work at the Agency, and more particularly to Belk's supposed misappropriation of the Agency's funds . . . . This fraudulent action by the Defendants led to Belk's conviction on eight counts of mail fraud . . . ." (Complaint, ¶ 8). Mr. Belk has not paid the $350.00 filing fee, nor has he filed a petition to proceed *in forma pauperis.*

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action  . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

On February 20, 2007, Mr. Belk filed an amended complaint in Cause Number 2:06-cv-297 JTM against defendants George Rogee and Lawrence Olin alleging substantially similar allegations. The nature of that case involved allegations of conspiracy and fraud under RICO and sought monetary damages. In this complaint, Mr. Belk is alleging very similar allegations, but has merely added two additional defendants, the insurance companies.

Mr. Belk is serving a sentence on convictions for mail fraud arising out of the events he complains of in this action. (Complaint ¶ 38). He asserts that he is innocent of those charges, and that the defendants in this case either provided false evidence and testimony that led to his wrongful conviction or allowed individuals to continue with their fraudulent scheme. Mr. Belk seeks damages against the defendants in the amount of $1,413,512.65. (Complaint at 23). Mr. Belk asserts that the defendants framed him, resulting in his being convicted for crimes he did not commit.

As the court previously told Mr. Belk in the March 20, 2007 dismissal order in cause number 2:06-cv-297 JTM, if, as here, the remedy sought in a civil complaint would require a finding or judgment that would render a conviction or sentence invalid, the plaintiff must first prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This court may not award Mr. Belk damages from these defendants under

the RICO statute without concluding that he is innocent of the charges against him and was improperly convicted of mail fraud based on evidence and testimony provided by the defendants. Accordingly, *Heck v. Humphrey* requires that Mr. Belk first obtain a finding or judgment setting aside his conviction before the court may entertain his RICO damage claims.

For the foregoing reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE** and with leave to re-file his claims if he is able to have his criminal conviction set aside;

(2) **ORDERS**, pursuant to 28 U.S.C. § 1915, the plaintiff **Joshua Belk, BOP # 07632-027,** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full; and

(3) **DIRECTS** the clerk to send a copy of this order to the facility where the plaintiff is currently housed.

SO ORDERED.

ENTERED: May __8__, 2007

                         s/William C. Lee
                         William C. Lee, Judge
                         United States District Court